UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

ROBERT S. SHUMAKE,

    Debtor
_____/

Case No. 13-40001
Chapter 7
Hon. Walter Shapero

FIFTH THIRD MORTGAGE-MI, LLC,
a Delaware limited liability company,
FIFTH THIRD MORTGAGE COMPANY,
an Ohio corporation, and FIFTH THIRD
BANK, a Michigan banking corporation,

    Plaintiffs,

v.

ROBERT S. SHUMAKE,

    Defendant
_____/

Adv. Pro. No. 13-04391

## OPINION GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT

Plaintiffs filed the present adversary proceeding against Defendant on the essential basis that Defendant engaged in a mortgage fraud scheme and that the related judgment debt from a state court consent judgment in the amount of $1,000,000.00 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (2)(B). That judgment contains specific language that deemed the debt nondischargeable and waived any potential defenses to nondischargeability.

The proceedings before this Court can be summarized as follows:

1. Adversary proceeding commenced - April 8, 2013

2. Summons served on Defendant - April 9, 2013

3. Order to extend time to file answer to May 22, 2103, pursuant to stipulation signed by Defendant's bankruptcy attorney - May 8, 2013

4. Clerk's Entry of Default and Plaintiffs Motion for Default Judgment - May 23, 2013

5. Default Judgment entered - May 31, 2013

6. Defendant files *in pro per* his first Motion to Set Aside Default, accompanying brief, Affidavit of Meritorious Defense - June 12, 2013

7. Defendant files Answer to Complaint - June 13, 2013

8. Plaintiffs' response to Defendants motion - June 26, 2013

9. Hearing held on Defendant's motion, resulting in its denial without prejudice because no one appeared on behalf of Defendant - July 11, 2013

10. Motion to Withdraw filed by bankruptcy attorney who signed stipulation to extend time for Defendant to file answer - July 12, 2013

11. Order entered effecting July 11, 2013 denial of Defendant's first motion - July 23, 2013

12. Order effecting attorney's withdrawal motion of July 12, 2013 - August 12, 2013

13. Defendant's second Motion to Set Aside Default Judgment – October 3, 2013

14. Plaintiff's response to said second motion - October 8, 2013

15. Hearing on said motion - November 7, 2013

Fed.R.Civ.P. 60(b), which is made applicable to this proceeding through Fed.R.Bankr.P. 9024, states in relevant part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect… or (6) any other reason that justifies relief." The criteria for vacating a default judgment are "(1) whether the proponent's culpable conduct led to the default, (2) whether the proponent has a meritorious claim or defense, and (3) whether the opposing party would be prejudiced." Citizens Bank v. Parnes, 376 Fed. Appx. 496, 503 (6th Cir. 2010) (citations omitted).

Defendant's above noted Answer, as it related to the nondischargeability paragraphs of the Complaint, neither admitted nor denied same and also said they were denied because "the same is not true." Insofar as the Affidavit of Meritorious Defense is concerned, it said that the Complaint was "meritless" and that there was "nothing fraudulent or inappropriate with the loan and repayment of the loan[.]" To be sure, those pleadings were not timely filed and in fact were filed after the entry of the default and default judgment Defendant now again seeks to set aside. At the November 7, 2013 hearing relative to Defendant's second motion, the Court required Defendant to further articulate his meritorious defenses and granted him leave to file such. Defendant submitted on November 19, 2013 a new Motion to Set Aside Default Judgment and accompanying brief, which (1) emphasized his excuse for having not timely filed an answer in the first place, based largely on his misplaced reliance on his bankruptcy attorney; (2) argued the enforceability and effect before this Court of the state court judgment's determination of nondischargeability and waiver of defenses to nondischargeability; and (3) did not really add to what Defendant had previously elaborated upon as to his meritorious defenses in his untimely filed Answer and Affidavit: namely that the factual allegations and legal conclusions in the Complaint are false, and that his actions were not fraudulent.

Given all of the foregoing facts and circumstances, plus: (1) the fact Defendant is *in pro per*; (2) the very large amount of the state court judgment; and (3) the legal issues potentially involved; the Court finds that (1) while Defendant's conduct played a role in the defaults, he was not sufficiently culpable to deny him relief from such; (2) Defendant's filed pleadings did set forth minimal, but sufficiently adequate, meritorious defenses; and (3) whatever prejudice resulted to Plaintiff can be largely and sufficiently dealt with by an appropriate award of costs. Thus, the Court will enter an order that (1) sets aside the default and default judgment; (2) sets a

procedure to determine an appropriate award of costs in Plaintiff's favor; and (3) provides that the Answer and Affidavit of Meritorious Defenses hereto filed by Defendant shall stand as such and moves this matter toward trial in accordance with normal adversary proceeding procedures, including deadlines for discovery and dispositive motions.

.

4

**Signed on November 26, 2013**

                                                        /s/ Walter Shapero
                                                  Walter Shapero
                                                  United States Bankruptcy Judge